**SHIRYAK, BOWMAN, ANDERSON, GILL & KADOCHNIKOV, LLP**
Btzalel Hirschhorn, Esq.
8002 Kew Gardens, Suite 600
Kew Gardens, NY 11415
Tel: (718) 263-6800
Fax: (718) 520-9401
Email: Bhirschhorn@sbagk.com

*Counsel to the Debtor and*
*Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------------X  Chapter 11 (Jointly Administered)

In re:                                                                                    Case No. **8-20-73181**
                                                                                           Tax I.D. No.: 26-1404428
BMSL MANAGEMENT, LLC [1],

Debtor,

------------------------------------------------------------------X

**NOTICE OF MOTION OF DEBTOR, ORDER EXTENDING EXCLUSIVITY PERIODS UNDER 11 U.S.C. § 1121(d)**

     **PLEASE TAKE NOTICE** that upon the motion (the "**Motion**") of BMSL Management, LLC, *et al,* as Debtors and Debtors in Possession (collectively, the "Debtors"), by and through his attorney Btzalel Hirschhorn, Esq. of Shiryak, Bowman, Anderson, Gill & Kadochnikov LLP, shall move before the Honorable Robert E. Grossman, United States Bankruptcy Judge at the United States Bankruptcy Court for the Eastern District of New York, located at Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722 on March 6,

---

[1] The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number are as follows: BMSL Management, LLC (4428), JS 105ST , LLC (8295), JS 112ST, LLC (1897), and Omni Home LLC (8107). The mailing address for the Debtors, solely for the purposes of notice and communications is 95-25 120th Street Richmond Hill, NY 11419.

- 1 -

2021 at 10:00 am, or as soon thereafter as counsel may be heard, for entry of an order extending the Debtors' exclusivity period under 11 U.S.C. 1121(d).

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief sought in the Motion shall be in writing, shall state with particularity the grounds for the objection and shall be (i) electronically filed with the Bankruptcy Court, (ii) delivered to the Chambers of the Honorable Robert E. Grossman, and (iii) served upon the undersigned counsel for the Debtor, in each case by 5:00 p.m. seven (7) days prior to the return date and upon any other person whose interests would be affected if the objection is sustained.

**PLEASE TAKE FURTHER NOTICE** that the hearing may be adjourned from time to time without further notice other than the announcement of such adjournment by the Court.

**PLEASE TAKE FURTHER NOTICE** that you need not appear at the hearing if you do not object to the relief requested in the Motion.

**PLEASE TAKE FURTHER NOTICE** that if no objections are timely filed and served, the Debtor may submit the order to the Court substantially in the form annexed to the Motion, which Order may be entered with no further notice or opportunity to be heard offered to any party.

Dated:  February 11, 2021
Kew Gardens, New York

**SHIRYAK, BOWMAN, ANDERSON, GILL & KADOCHNIKOV LLP,**

*/s/ Btzalel Hirschhorn*
By:  Btzalel Hirschhorn, Esq.
Attorney for Debtor
80 – 02 Kew Gardens Road, Suite 600
Tel: (718) 263-6800
Bhirschhorn@sbagk.com

**SHIRYAK, BOWMAN, ANDERSON, GILL & KADOCHNIKOV, LLP**
Btzalel Hirschhorn, Esq.
8002 Kew Gardens, Suite 600
Kew Gardens, NY 11415
Tel: (718) 263-6800
Fax: (718) 520-9401
Email: Bhirschhorn@sbagk.com

Counsel to the Debtors and Debtors-in-Possession

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

In re:

**BMSL MANAGEMENT, LLC,**

**Debtors.** 2
------------------------------------------------------------------X

**Chapter 11**
**Case No.: 8-20-73181**

# DEBTOR'S MOTION FOR AN ORDER EXTENDING HIS EXCLUSIVITY PERIODS UNDER 11 U.S.C. § 1121(d), WITH POINTS AND AUTHORITIES

**TO: HON. ROBERT GROSSMAN**
       **UNITED STATES BANKRUPTCY JUDGE**

The Debtors, BMSL Management, LLC, et al., (the "Debtors"), by their attorneys, Shiryak, Bowman, Anderson, Gill, & Kadochnikov, LLP, represents:

---

2 The Debtors in these Chapter 11 cases, together with the last four digits of each Debtor's federal tax identification   number are as follows: BMSL Management, LLC (4428), JS 105ST , LLC (8295), JS 112ST, LLC (1897), and Omni Home LLC (8107). The mailing address for the Debtors, solely for the purposes of notice and communications is 95-25 120th Street Richmond Hill, NY 11419.

## Preliminary Statement

1. Debtors requests the entry of orders: (a.) pursuant to 11 U.S.C. § 1121(d) and Federal Rule of Bankruptcy Procedure 9006(b), extending from February 11, 2021, until May 11, 2021, the time, pursuant to 11 U.S.C. § 1121(b), in which the Debtors have the exclusive right to file a proposed plan of organization and extending for an equal period the Debtors time to solicit and seek acceptances of such proposed plan of reorganization (the "Exclusivity Periods"); and b.) granting the Debtors such other and further relief as this Court deems proper (the "Motion").

2. Cause exists to grant the Motion because:

    a) The Debtors have progressed in its reorganization efforts.

    b) The Debtors are finalizing the resolution of the treatment of the largest creditor which forms a portion of the foundation of the anticipated plan of reorganization.

    c) The Debtor are still establishing the economic foundations on which its plan of reorganization will rely.

## BACKGROUND

1. On October 14, 2020, the Debtors filed voluntary petitions for relief (the "Petition") under Chapter 11 of the Bankruptcy Code.

2. The Debtors have continued in the possession of its property and control of its business as a debtor in possession, pursuant to 11 U.S.C. § 1107 and 1108.

3. The Debtors own several real properties which they are in the process of negotiationg a refinancing in attempt to pay off the largest secured creditor. athletic footwear and related apparel and accessories.

4. No committee of unsecured creditors has been constituted in this case

5. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a).

6. This Motion is a "core proceeding" as that term is defined by 28 U.S.C. § 157(b)(2)(A).

7. This district is the appropriate venue for this Motion, pursuant to 18 U.S.C. § 1408

8. 11 U.S.C. § 1121(b) grants to debtors in possession the exclusive right to file a plan of reorganization in their case for the first 120 days of that case.

### THE NEED TO EXTEND DEBTORS' TIME TO FILE AND SEEK ACCEPTANCES TO A PROPOSED PLAN OF REORGANIZATION

9. Pursuant to 11 U.S.C. § 1121(d), the Debtor may extend it's Exclusivity Periods for cause.

10. Cause exists to extend Debtor's Exclusivity Periods.

11. Debtor is working assiduously toward reorganization.

**Circumstances of the Debtor's Filing**:

12. Debtor sought reorganization due to the failure to obtain finacning before a default provision in a pre-bankruptcy stipulation signed with the largest creditors, Hillrich Holding Corp. and Six Lots, LLC.

13. The Debtors were involved with the purchase and renting of real property throughout Queens, NY.

14. Due to the COVID19 Pandemic the economic climate for the Debtors' businesses changed and the Debtors had trouble obtaining financing in time.

**The Debtor's Progress:**

15. The Debtors are finalizing proposed refinancing which would pay off Hillrich and Six Lots.

16. The Debtors have been working with the retained mortgage broker R&J Capital, to clear a myriad of title issues on approximately thirteen different properties in order to obtain a blanket refinancing to pay off Hillrich and Six Lots.

*The Debtors Businesses*:

17. The Debtors have been collecting rental income on their various real properties in order to ensure the properties are viable for reinfancing.

18. The Debtors have been laying the foundation for having future income through upkeep of the Properties and collection of rental income.

19. The Debtors have been succeeding in it's reorganization efforts.

### *Hillrich and Six Lots Motion*

20. In contrast to the Debtors' progress, Hillrich and Six Lots recently filed a motion to dismiss/and or convert or relief from the automatic stay.

21. The Debtors fervently disagree that the Debtors have not made progress on the refinancing. The Debtors also state that they are current on all post-petition taxes and water and sewer. The Debtors disagree that the relief sought through Hillrich and Six Lots Motion is required.

22. Unfortunately, Hillrich's Motion requires diverting the Debtors efforts away from the reorganization process.

23. Nevertheless, the Debtors must contend with Hillrich and Six Lots Motion.

### **Applicable Authority:**

24. 11 U.S.C. § 1121(b.) provides that "except as otherwise provided in this section, only the debtor may file a plan until after 120 days after the date of the order for relief under this chapter.

25. 11 U.S.C. § 1121(d.) provides that "on request of a party in interest made within the respective periods specified in subsections (b) and (c) of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section."

26. In determining requests to extend Exclusivity Periods courts have considered the following factors: 1.) the size and complexity of the case, 2.) the necessity of sufficient time to negotiate and prepare adequate information, 3.) the existence of good faith progress, 4.) whether the debtor is paying its debts as it becomes due, 5.) whether the debtor has demonstrated reasonable prospects for filing a viable plan, 6.) whether the debtor has made progress negotiating with creditors, 7.) the length of time a case has been pending, 8.) whether the debtor is seeking an extension to pressure creditors, and 9.) whether or not unresolved contingencies exist. In re Central Jersey Airport Services, LLC, 282 B.R. 176, 184 (Bankr. D.N.J. 2002) citing, In re Service Merchandise Co., 256 B.R. 744, 751 (Bankr.M.D.Tenn.2000); In re Crescent Mfg., 122 B.R. 979, 982 (Bankr.N.D.Ohio 1990); In re McLean Indus. Inc., 87 B.R. 830, 834 (Bankr.S.D.N.Y.1987).

27. These factors supports granting the Debtors' Motion.

28. The Debtors have numerous creditors.

29. The Debtors cases have progressed in good faith.

30. The Debtors have been substantially paying its post-petition debts as they become due.

31. The Debtors proposed refinancing provides the reasonable prospects for filing a viable plan.

32. The Debtor have made progress negotiating the refinacning and clearing title issues.

33. This extension of time is not to pressure creditors.

34. Unresolved contingencies exist.

35. These contingencies include: (a.) Hillrich and Six Lots Motion; (b.) assessing the success of the Debtors' refinancing.

36. It is in the best interests of the Debtor, the creditors and estate to have the Exclusivity Periods extended.

37. The Debtors request that the requirement of a separate memorandum of law, pursuant to Rule 9013 of the Local Rules of this Court, be waived because the nature of the relief sought is not controversial and the applicable authority is discussed herein.

38. No prior application has been made to this or any other Court for the relief requested herein.

**WHEREFORE,** Debtors request that this Court grant this Motion and enter orders pursuant to 11 U.S.C. § 1121(d) and Federal Rule of Bankruptcy Procedure 9006(b), extending the Debtors Exclusivity Periods; and granting such other and further relief as this Court deems proper.

Dated: Kew Gardens, New York
      February 11, 2021

**SHIRYAK, BOWMAN, ANDERSON, GILL & KADOCHNIKOV LLP,** as counsel to **BMSL MANAGEMENT LLC,** *et al*

/s/Btzalel Hirschhorn
By: Btzalel Hirschhorn, Esq.
Attorney for Debtors
80 – 02 Kew Gardens Road, Suite 600
Tel: (718) 263-6800
Bhirschhorn@sbagk.com