UNITED STATAS BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
In re:                                                          Chapter 11

BMSL MANAGEMENT, LLC, *et al.*                                  Case No: 20-73181


                            Debtors
-----------------------------------------------------------X

## BMSL MANAGEMENT, LLC'S OPPOSITION TO MOTION TO DISMISS OR CONVERT THE INSTANT CASE OR FOR RELIEF FROM STAY

**TO: THE HONORABLE ROBERT E. GROSSMAN**
**UNITED STATES BANKRUPTCY JUDGE**

BMSL Management, LLC, the Debtor and Debtor-in-Possession herein, by its proposed attorneys Berger, Fischoff, Shumer, Wexler & Goodman, LLP, solely and not on behalf of any of the other jointly administered debtors as and for its opposition to the motion by Hillrich Holding Corp. and Six Lots, LLC for an order a) dismissing or converting the Debtor's Chapter 11 proceeding, or b) in the alternative granting relief from stay and c) for such other and further relief as this Court deems just and proper, respectfully sets forth and remits as follows:

1. BMSL Management, LLC filed a petition for relief from creditors pursuant to Chapter 11 of the Bankruptcy Code on October 14, 2020. Pursuant to Section 1107 and 1108 of the Bankruptcy Code the Debtor has continued in the management and control of its sole asset the property located at 131-09 Hillside Avenue, South Richmond Hill, New York 11419. No committee of general unsecured creditors or trustee or examiner has been appointed herein.

2. This opposition is submitted solely on behalf of the Debtor, BMSL Management, LLC and not on behalf of the other jointly administered Debtors.

3. In sum, the motion as to BMSL should be denied because:

a) Hillrich is adequately protected by a substantial equity cushion;

b) The Debtor has insurance coverage in place;

c) The Debtor has paid at least $36,000.00 in real estate taxes since the filing of the case; and

d) Despite Hillrich's claim, it does not have a blanket lien on this property and the property of the other two debtors as has been repeatedly and erroneously represented by Hillrich.

## MOVANT IS PROTECTED BY
## AN EQUITY CUSHION

4. The Debtor's schedules indicate the Hillside property as having a value of $3,500,000.00. This value has never been disputed by Hillrich.

5. On September 18, 2019 the Debtor and Hillrich executed a stipulation which set forth an outstanding balance due of $2,642,850.50 which included a principal balance of $910,000.00 and default interest of $1,732,850.56. Simultaneously, the other two Debtors also executed similar stipulations applicable to their properties and amounts owed.

6. Since that date, $320,824.00 has been paid on behalf of BMSL and the other two entities. For discussion purposes only we are attributing one third of total paid or $106,941.00 as a credit to the balance due on this entity.

7. Contrary to the erroneous statement made at paragraph 7 of the Hillrich motion, the Movant does NOT hold a blanket lien on all of the properties. In addition, Hillrich again misrepresents the nature and extent of the Debtor's obligations at paragraph 10 of its motion where it states "......*the debt owed to mortgagee has been consolidated and each*

*debtor is jointly and separately liable..."[1]*. This statement is certainly not supported by the stipulation signed by this Debtor or the other two. A copy of the BMSL stipulation is annexed hereto as Exhibit "A". These misstatements have a profound effect on the perception - by others including perhaps this Court - that this property is too burdened to be successfully reorganized This is not just a casual error – it has great significance to this Debtor because the Debtor believes this property has value because its fate is not inextricably linked to the other properties, and therefore can be saved.

8. Additionally, interest, at the default rate of 24% on the principal balance of $910,000.00 equals approximately $18,200.00 per month. Therefore, assuming arguendo, that the balance due on the petition date was $2,535,909.00 ($2,642,850.00 less $106,941.00 paid pursuant to the stipulation) and interest at 24% for four months equals $72,800.00 then the total current balance would be approximately $2,608,709.00 (less credit for a portion of the $66,000.00 paid post petition by the three Debtors so far, as adequate protection payments). The property has an undisputed value of $3,500,000.00. Therefore the Movant is protected by an equity cushion of approximately $900,000.00 or 40%.[2]

9. As set forth in the annexed Exhibit "B" the Debtor states it has paid $36,496.28 for real property taxes associated with this property.

10. The Debtor has also provided documentation, copies of which are annexed hereto as Exhibit "C" that the property is properly insured. Finally, the Debtor states the water and

---

[1] These same misrepresentations are repeated almost word for word as recently as February 22, 2021 in Hillrich's opposition to the Debtor's motion to extend exclusivity. See specifically paragraph 7 "....mortgagee currently holds a blanket lien on all of the properties..." And paragraph 9 pursuant to the stipulation the debt has been consolidated..."

[2] While Hillrich is protected by an equity cushion to its first lien position, whether the Debtor has equity or how much is not clear because the Hillside property is also subject to a second collateral mortgage held by MLF3 Atlantic, LLC which has an alleged outstanding amount due of approximately $500,000.00 which may be partially or wholly paid from the Trustee's sale of the property owned by Atlantic 111 Street, LLC, a Chapter 7 Debtor (Case No.: 19-73137).

sewer bills for this property are paid with exception of $116.76. The documentation for this is annexed hereto as Exhibit "D".

11. While there are four (4) cases being jointly administered, such was based on the erroneous understanding that there was a blanket lien on all the properties. With that not being the case, the BMSL case can survive on its own, and the Debtor can propose a plan of reorganization.

12. It is submitted that Movant has not met its burden for relief from stay, and therefore said relief should be denied in its entirety.

## MOTION TO DISMISS OR CONVERT

13. Section 1112(b) of Title 11 of the United states Code ("the Bankruptcy Code") sets for that:

> [o]n request of a party in interest, and after notice a hearing, absent unusual circumstance specifically identified by the Court that establish that the requested conversion or dismissal is not in the best interests of creditors of the estate, the Court shall convert a case under that Chapter to a case under Chapter 7 or dismiss a case under this Chapter, whereas it is in the best interest of creditors and the estate, if the Movant establishes cause.

11 U.S.C. §1112(b). Debtor respectfully submits, and will demonstrate that: (1) that unusual circumstances exist which establish conversion and dismissal is not warranted, and (2) that cause does not exist for conversion or dismissal.

14. With respect to dismissal or conversion, this case has been pending for a mere five months. It was not until the Debtor consulted with this office, that the parties came to the realization that no blanket lien exists, but each entity has its own obligation. With that understanding,

the Debtor seeks to try and reorganize the parcel that has the most value to it. The Debtor should be given a chance to try to save the Hillside property. As previously stated, the property is properly insured, adequate protection payments, although probably not required, have been made, as have tax payments on the property.

15. Additionally, once the Chapter 7 Trustee for the Atlantic case completes the auction of that Debtor's property, this Debtor will then have a clear picture on an exit strategy for BMSL as the amount owed on the second mortgage can be fixed.

16. The Debtor has been complying with its obligations as a Debtor and Debtor in possession and should be given an opportunity to reorganize. The Debtor has been substantially current with adequate protection payments, has been current on post-petition administrative expenses and filed monthly operating reports. The Debtor has been in contact with family and friends who are willing to help, if necessary, to resolve the debt.

17. Towards that end, it is respectfully requested that the Court deny the motion to convert or dismiss and allow the Debtor an opportunity to reorganize.

WHEREFORE, it is respectfully requested that the Court issue an order denying in all respects the motion by Hillrich Holdings LLC and Six Lots, LLC to dismiss or convert the case or modify the stay.

Dated: Syosset, New York
March 2, 2021

BERGER, FISCHOFF, SHUMER,
WEXLER & GOODMAN, LLP
Proposed attorneys for BMSL Management, LLC

_____
Heath S. Berger, Esq.
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791